UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

_____

Nos. 95-5922(L)
(CR-95-265-A)

_____

United States of America,

                                        Plaintiff - Appellee,

        versus

Anthony Mitchell, et al,

                                        Defendants - Appellants.

_____

O R D E R

_____

        The  Court  amends  its  opinion  filed  October  3,  1996,  as
follows:

        On the cover sheet, section 2 -- the number of the second case
is corected to read "No. 95-5986."

                                        For the Court - By Direction

                                        /s/ Patricia S. Connor
                                        _____
                                                    Clerk

UNPUBLISHED

# UNITED STATES COURT OF APPEALS

# FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                    No. 95-5922

ANTHONY MITCHELL,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                    No. 95-5986

MUHAMMED ABDULLAH,
Defendant-Appellant.

Appeals from the United States District Court
for the Eastern District of Virginia, at Alexandria.
James C. Cacheris, Chief District Judge.
(CR-95-265-A)

Submitted: September 20, 1996

Decided: October 3, 1996

Before NIEMEYER, HAMILTON, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

David W. O'Brien, MICHAELS, WISHNER & BONNER, P.C.,
Washington, D.C.; Robert L. Jenkins, Jr., LAW OFFICES OF

ROBERT L. JENKINS, JR., Alexandria, Virginia, for Appellants. Helen F. Fahey, United States Attorney, Steven Semeraro, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

These cases are consolidated direct appeals from criminal convictions. Defendants were each convicted of possession of a shank while an inmate at Lorton Reformatory in violation of 18 U.S.C. § 13 (1994) (the Assimilated Crimes Act or the Act), assimilating Va. Code Ann. § 53.1-203(4) (Michie 1994), which prohibits prisoners from possessing unauthorized items capable of causing death or bodily injury. We affirm.

Both Appellants are inmates at Lorton Reformatory, a District of Columbia correctional facility located in Fairfax County, Virginia. Both were found guilty of possessing sharp instruments known as shanks, which are contraband items at Lorton. The Appellants do not dispute that they possessed the contraband weapons. Appellants allege that the district court erred in denying their joint motion to dismiss their indictments, denying Mitchell's motion for acquittal, and failing to correctly instruct the jury on elements of the crime. Appellants claim that the Virginia statute does not apply to them because the statute makes possession of a shank unlawful only for prisoners in a "state, local or community correctional facility," and they are prisoners of a District of Columbia facility. Va. Code Ann. § 53.1-203(4) (Michie 1994).

The district court correctly held that this provision of the Virginia Code was properly assimilated. Assimilation of the provision fulfills the gap-filling function of the Act. No federal statute prohibits Lorton

2

prisoners from possessing shanks. If assimilation of this type of provision were not allowed, then no state law using state-specific language could be assimilated. See United States v. Minger, 976 F.2d 185, 187 (4th Cir. 1992). The Ninth Circuit rejected a similar challenge and held that the Act's purpose is to provide similar protections to those inside a federal enclave that a state's law would give to those within the state. United States v. Kiliz, 694 F.2d 628, 630 (9th Cir. 1982).

The Appellants also argue that the Virginia statute cannot be assimilated because it is not a state statute of general application because it applies only to prisoners of a state, local or community correctional facility. However, adding jurisdictional language to a state statute does not render it inapplicable. See Minger, 976 F.2d at 189. Although it is clear that Virginia did not intend to pass a law to apply to Lorton, the issue is whether the law serves the purposes of the Act. As discussed above, the Virginia law fulfills the Act's purpose.

Finding no merit in the Appellants' arguments, we affirm their convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED